K OG
10/10/18

JKMcD:SRD: USAO#2013R00723

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

2018 OCT 11  PM 3: 08

CLERK'S OFFICE
AT BALTIMORE

K

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL NO. RDB-17-0655**  DEPUTY |
| | (Conspiracy to Commit Wire Fraud, 18 |
| **v.** | U.S.C. §1349; Wire Fraud, 18 U.S.C. |
| | 1343; Conspiracy to Launder Money, |
| **LAUREN M. MONTILLO,** | 18 U.S.C. § 1956(h);Money Laundering |
| | Transactions Exceeding $10,000, 18 |
| **Defendant.** | U.S.C. § 1957; Tax Evasion, 26 U.S.C. |
| | § 7201; False Statement to IRS, 26 |
| | U.S.C. § 7206; Forfeiture). |

## SECOND SUPERSEDING INDICTMENT

The Grand Jury for the District of Maryland charges:

### COUNT ONE

1.     At all times material to this Indictment, **LAUREN M. MONTILLO**

("**MONTILLO**") resided at 1202 Berans Road, Owings Mills, Maryland.   At times material to

this Indictment, she was married to M.M.

2.     At all times material to this Indictment, H.F. was the father of **MONTILLO** and

resided in Lutherville, Maryland.

3.     At all times material to this Indictment, Kelly Ray Coronado lived in Del Rio,

Texas.

4.     At times material to this Indictment, Eric J. Becker ("Becker") resided in

Odenton, Maryland.   Beginning in April 2013, Becker resided in Riverton, Utah.

### THE SCHEME TO DEFRAUD

5.     From in and around August 2010 and continuing until in and around December

16, 2016, in the District of Maryland and elsewhere, the defendant,

1

along with Becker, H.F., Kelly Ray Coronado, and others known and unknown to the Grand Jury,

knowingly and willfully devised and intended to devise a scheme and artifice to defraud victim

investors and to obtain money and property from investors by means of materially false and

fraudulent pretenses, representations and promises ("the scheme to defraud").

## THE CONSPIRACY TO DEFRAUD

6.     From in and around August 2010 through in and around December 16, 2016, in

the District of Maryland and elsewhere, the defendant

### LAUREN M. MONTILLO,

along with Becker, H.F., and Kelly Ray Coronado, did knowingly and willfully conspire,

combine, confederate, and agree with each other and with other persons known and unknown to

the Grand Jury, to commit wire fraud, that is to knowingly execute and attempt to execute the

scheme to defraud through the use of interstate and foreign wires in violation of Title 18, United

States Code, Section 1343.

## THE PURPOSE OF THE CONSPIRACY AND SCHEME TO DEFRAUD

7.     The purpose of the conspiracy and scheme to defraud was for the co-schemers and

co-conspirators to persuade, and attempt to persuade, victim investors to send money in excess of

$5 million to fake escrow accounts for purported investment in fictitious investment

opportunities, including but not limited to "private placement platforms," "medium term bank

notes," "bank guaranties" so that the co-schemers and co-conspirators could divide the investors'

monies among themselves and provide no investment return or return of the principal investment

to the victim investors.

2

## MANNER AND MEANS OF THE CONSPIRACY and SCHEME TO DEFRAUD

8.　　It was a part of the conspiracy and scheme to defraud that in February 2010, **MONTILLO** opened an account with GoDaddy, a business which provides web-hosting services, which **MONTILLO** used to host websites and create email addresses for shell companies including Worldwide Escrow Holdings, Ltd., International Insurance Company of Nebraska, Atlas Investment Bancorp, Entirety Capital, GPF Global, and Atlas-Gayle Trust.

9.　　It was a part of the conspiracy and scheme to defraud that in August 2010, H.F. incorporated "Worldwide Escrow Holdings Limited" ("WEH") in Hong Kong and identified WEH as a company that performed "business consulting" with an address of "1202 Berans Road, Owings Mills, MD 21117, USA." H.F. and **MONTILLO** opened a bank account for WEH ending in ***5838 at the Hong Kong Shanghai Bank, Hong Kong listing H.F. as director and **MONTILLO** as manager.

10.　　It was a part of the conspiracy and scheme to defraud that in January 2011, **MONTILLO** and M.M. caused "Skywall Limited" ("Skywall") to be incorporated in Hong Kong and in March 2011, opened a bank account for Skywall ending in ***8838 at the Hong Kong Shanghai Bank, Hong Kong. They identified Skywall as a company that performed "estate consulting" with the address of "1202 Berans Road, Owings Mills, MD 21117, USA."

11.　　It was a part of the conspiracy and scheme to defraud that in May 2012, H.F. opened a bank account ending in ***3945 at SunTrust Bank in Cockeysville, Maryland, in the name of "Grace B. Kilchenstein Esq. Attorney at Law Jadin Steele Escrow Account," with the address of "145 Warwick Dr., Lutherville Timonium, MD 21093."

12.　　It was a part of the conspiracy and scheme to defraud that Becker, **MONTILLO,** Kelly Ray Coronado, H.F. and other co-conspirators concealed the scheme to defraud by using

3

fictitious identities including the following:

a. Becker: "Hank Rickson," a purported escrow officer for WEH and "Hank Fitzroy," a broker for Entirety Capital;

b. Kelly Ray Coronado: William "Billy" Lewis, vice president of operations of Harloff and Associates; Berend Jan ("BJ") Kuipers, Jr., son of a multi-millionaire from Spain;

c. **MONTILLO**: "Kati Conti," Senior Agent for Atlas Investment Bancorp and "Elizabeth Thompson," Mid Market Account Executive, Atlas-Gayle Trust.

13.    It was a part of the conspiracy and scheme to defraud that **MONTILLO** and others created fraudulent investment contracts and insurance policies for use with victim investors.

14.    It was a part of the conspiracy and scheme to defraud that the co-schemers directed investors/victims to wire transfer money to the WEH and Skywall bank accounts at Hong Kong Shanghai Bank, Hong Kong or to the Grace Kilchenstein escrow account ****3945 at Suntrust Bank.

15.    It was a part of the conspiracy and scheme to defraud that **MONTILLO** and H.F. used their control of the bank escrow accounts to distribute fraud proceeds to co-conspirators.

16.    It was a part of the conspiracy and scheme to defraud that the co-conspirators and co-schemers communicated with each other and with victim investors through interstate and foreign wire communications including email, text messages, telephone calls, and voice-over-internet transmissions.

18 U.S.C. §1349

4

## COUNT TWO

### (Wire Fraud)

The Grand Jury for the District of Maryland further charges:

1.     The allegations of Count One, Paragraphs 1-5 and 7-16 are incorporated by reference.

2.     On or about April 26, 2012, in the District of Maryland, the defendant,

### LAUREN M. MONTILLO

for the purpose of executing the scheme and artifice to defraud, transmitted and caused to be transmitted in interstate commerce, sounds, writings, signs and symbols, namely an email from her laurenmontillo@aol.com account to Kelly Ray Coronado, Del Rio, TX, at his yahoo.com personal email address and to Eric J. Becker using the email address for Hank Fitzroy of Entirety Capital regarding a fake insurance company, International Insurance of Nebraska, which would purportedly provide an errors and omissions insurance policy for Worldwide Escrow Holdings.

18 U.S.C. §1343

## COUNT THREE

### (Wire Fraud)

The Grand Jury for the District of Maryland further charges:

1.      The allegations of Count One, Paragraphs 1-5 and 7-16 are incorporated by reference.

2.      On or about May 3, 2012, in the District of Maryland, the defendant,

### LAUREN M. MONTILLO

for the purpose of executing the scheme and artifice to defraud, transmitted and caused to be transmitted in interstate commerce, sounds, writings, signs and symbols, namely an email from her laurenmontillo@aol.com account to Eric J. Becker at his comcast.net personal email account regarding corrections to a fake errors and omissions insurance policy for a fictitious insurance company, International Insurance of Nebraska, for Worldwide Escrow Holdings.


18 U.S.C. §1343

## COUNT FOUR

### (Conspiracy to Launder Money)

The Grand Jury for the District of Maryland further charges:

1.      From in or about August 2010 through in and around December 2016, in the District of Maryland and elsewhere, the defendant,

### LAUREN M. MONTILLO

did knowingly combine, conspire, and agree with Becker, H.F., Coronado, and with other persons known and unknown to the Grand Jury to commit offenses against the United States in violation of Title 18, United States Code, Section 1956 and Section 1957, namely:

(a) to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, wire fraud as described in Count One, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

(b) to knowingly engage and attempt to engage, in monetary transactions by, through or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is wire transfers from Hong Kong banks and Choice Bank, Belize, such property having been derived from a specified unlawful activity, that is, wire fraud as described in Count One, in violation of Title 18, United States Code, Section 1957.

**MANNER AND MEANS**

The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

2.     **MONTILLO** and others opened bank accounts in Hong Kong in the names of corporations which were formed in Hong Kong, including: MLL Holdings, Limited; SYMR, Limited; and FSE Limited.

3.     **MONTILLO** facilitated the travel of co-conspirators from the United States to Hong Kong.

4.     **MONTILLO** and others opened bank accounts in Belize, including an account in the name of Webstreet Media at Choice Bank, a foreign bank within the meaning of 12 U.S.C. § 3101(7).

5.     **MONTILLO** and others opened bank accounts in the United States including accounts in the name of Triple 7, LLC; Luciana, LLC; and Baltimore Property Ventures.

6.     **MONTILLO** and others solicited attorneys to accept money transfers into their attorney escrow accounts for further transmission within the United States.

18 U.S.C. § 1956(h)

## COUNTS FIVE THROUGH TWELVE
### (Money Laundering)

The Grand Jury for the District of Maryland further charges:

1.  The allegations of Count 4, Paragraphs 2-6 are incorporated here.

2.  On or about the dates set forth below, in the District of Maryland, and elsewhere,

the defendant,

### LAUREN M. MONTILLO

did knowingly engage and attempt to engage in the following monetary transactions by, through,

and to a financial institution, affecting interstate and foreign commerce, in criminally derived

property of a value greater than $10,000, that is the transfer of U.S. funds, such property having

been derived from a specified unlawful activity, that is, wire fraud as described in Count One.

| Count | Date | Amount | From/To |
|-------|------|--------|---------|
| 5 | June 28, 2012 | $483,000 | MLL Holdings at HSBC Hong Kong to Grace B. Kilchenstein Esq. Escrow account 3945 at Suntrust Bank |
| 6 | July 24, 2012 | $104,000 | MLL Holdings at HSBC Hong Kong to Grace B. Kilchenstein Esq. Escrow account 3945 at Suntrust Bank |
| 7 | September 21, 2012 | $65,000 | Skywall Limited at HSBC Hong Kong to Triple 7, LLC account 8787 at Citibank |
| 8 | August 2, 2013 | $39,965 | Choice Bank, Belize to Triple 7, LLC account 4441 at Suntrust Bank |
| 9 | September 10, 2013 | $49,965 | Choice Bank, Belize to Triple 7, LLC account 4441 at Suntrust Bank |
| 10 | September 26, 2013 | $98,898.89 | Choice Bank, Belize to Triple 7, LLC account 4441 at Suntrust Bank |
| 11 | November 14, 2013 | $49,965 | Choice Bank, Belize to Triple 7, LLC account 4441 at Suntrust Bank |
| 12 | January 6, 2014 | $74,950 | Choice Bank, Belize to Triple 7, LLC account 4441 at Suntrust Bank |

18 U.S.C. §§ 1957 & 2

## COUNT THIRTEEN

### (Filing a False Tax Return)

The Grand Jury for the District of Maryland further charges that:

1.    On or about July 25, 2014, in the District of Maryland and elsewhere, the defendant,

### LAUREN M. MONTILLO

did willfully make and subscribe a U.S. Individual Income Tax Return, Form 1040, and

accompanying schedules for the calendar year 2012, which was verified by a written declaration

that it was made under the penalties of perjury and which **MONTILLO** did not believe to be

true and correct as to every material matter.  Specifically, **MONTILLO** there and then well

knew that the income tax return was false in that the amounts as listed in the chart below were

substantially different from the correct amounts.

| Line on Tax Return | Amount Listed |
|---|---|
| Line 21, Form 1040  Other Income | $0 |
| Line 22, Form 1040, Total Income | $0 |
| Line 37 Form 1040 Adjusted Gross Income | $0 |
| Line 61, Form 1040 Total Tax | $0 |
| Line 76, Form 1040 Amount You Owe | $0 |

26 U.S.C. § 7206(1)

## COUNT FOURTEEN

### (Tax Evasion)

The Grand Jury for the District of Maryland further charges:

1.     On or about July 25, 2014, in the District of Maryland and elsewhere, the defendant,

## LAUREN MONTILLO

a resident of Owings Mills, Maryland did willfully attempt to evade and defeat a large part of the income tax due and owing by her to the United States of America for the calendar year 2012 by committing the following affirmative acts, among others: preparing and causing to be prepared, and signing and causing to be signed, and filing and causing to be filed with the Internal Revenue Service a false and fraudulent 2012 U.S. Individual Income Tax Return, Form 1040, which stated that her total income for the calendar year 2012 was $0 and that the amount of tax due and owing on that sum was $0, when, in fact, as she then and there knew, her total income for 2012 was $406,116.76, more or less, upon which income there was an additional tax due and owing to the United States of America of $155,809.00, more or less.

26 U.S.C. § 7201

11

## **COUNT FIFTEEN**

### **(Filing a False Tax Return)**

The Grand Jury for the District of Maryland further charges that:

1.    On or about December 9, 2016, in the District of Maryland and elsewhere, the

defendant,

### **LAUREN M. MONTILLO**

did willfully make and subscribe a U.S. Individual Income Tax Return, Form 1040A, and

accompanying schedules for the calendar year 2013, which was verified by a written declaration

that it was made under the penalties of perjury and which **MONTILLO** did not believe to be

true and correct as to every material matter.  Specifically, **MONTILLO** there and then well

knew that the income tax return was false in that the amounts as listed in the chart below were

substantially different from the correct amounts.

| Line on Tax Return | Amount Listed |
|---|---|
| Line 15, Form 1040A, Total Income | $0 |
| Line 21, Form 1040A, Adjusted Gross Income | $0 |
| Line 35, Form 1040A,Total Tax | $0 |
| Line 45, Form 1040A, Amount You Owe | $0 |

26 U.S.C. § 7206(1)

## COUNT SIXTEEN

### (Tax Evasion)

The Grand Jury for the District of Maryland further charges:

1.     On or about December 9, 2016, in the District of Maryland and elsewhere, the defendant,

### LAUREN M. MONTILLO

a resident of Owings Mills, Maryland did willfully attempt to evade and defeat a large part of the income tax due and owing by her to the United States of America for the calendar year 2013 by committing the following affirmative acts, among others:  preparing and causing to be prepared, and signing and causing to be signed, and filing and causing to be filed with the Internal Revenue Service a false and fraudulent 2013 U.S. Individual Income Tax Return, Form 1040, which stated that her total income for calendar year 2013 was $0, and that the amount of tax due and owing on that sum was $0, when, in fact, as she then and there knew, her total income for 2013 was $264,861.76,  more or less, upon which income there was an additional tax due and owing to the United States of America of $97,780.00, more or less.

26 U.S.C. § 7201.

## COUNT SEVENTEEN

### (Filing a False Tax Return)

The Grand Jury for the District of Maryland further charges that:

1.      On or about February 1, 2016, in the District of Maryland and elsewhere, the defendant

### LAUREN M. MONTILLO

did willfully make and subscribe a U.S. Individual Income Tax Return, Form 1040, and accompanying schedules for the calendar year 2014, which was verified by a written declaration that it was made under the penalties of perjury and which **MONTILLO** did not believe to be true and correct as to every material matter.  Specifically, **MONTILLO** there and then well knew that the income tax return was false in that the amounts as listed in the chart below were substantially different from the correct amounts.

| Line on Tax Return | Amount Listed |
|---|---|
| Line 21, Form 1040  Other Income | $100 |
| Line 22, Form 1040, Total Income | $100 |
| Line 37 Form 1040 Adjusted Gross Income | $100 |
| Line 63, Form 1040 Total Tax | $0 |
| Line 78, Form 1040 Amount You Owe | $0 |

26 U.S.C. § 7206(1); 18 U.S.C. § 2

## COUNT EIGHTEEN

### (Tax Evasion)

The Grand Jury for the District of Maryland further charges:

1.     On or about February 1, 2016, in the District of Maryland and elsewhere, the defendant,

## LAUREN M. MONTILLO

a resident of Owings Mills, Maryland, did willfully attempt to evade and defeat a large part of the income tax due and owing by her to the United States of America, for the calendar year 2014 by committing the following affirmative act, among others: preparing and causing to be prepared, and signing and causing to be signed, and filing and causing to be filed with the Internal Revenue Service a false and fraudulent 2014 U.S. Individual Income Tax Return, Form 1040, which stated that her total income for the calendar year 2014 was $100, and that the amount of tax due and owing on that sum was $0, when, in fact, as she then and there knew, her total income for 2014 was $179,014.60, more or less, upon which income there was an additional income tax due and owing to the United States of America of $60,181.00, more or less.

26 U.S.C. § 7201

## WIRE FRAUD FORFEITURE

The Grand Jury for the District of Maryland further finds:

1.      Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the defendant that upon conviction of an offense in violation of 18 U.S.C. § 1349 and 1343 as alleged in Counts One - Three, the United States will seek forfeiture as part of any sentence of all property, real and personal, which constitutes and is derived from proceeds that the defendant obtained directly and indirectly from the offense.

2.      If any of the property described above, as a result of any act or omission of the defendant:

      a.      cannot be located upon the exercise of due diligence;

      b.      has been transferred or sold to, or deposited with, a third party;

      c.      has been placed beyond the jurisdiction of the court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property.

28 U.S.C. § 2461(c); 18 U.S.C. § 981(a)(1)(C); 18 U.S.C. § 1956(c)(7); 18 U.S.C. § 1961(1); 21 U.S.C. §853(p)

## MONEY LAUNDERING FORFEITURE ALLEGATIONS

The Grand Jury for the District of Maryland further finds:

1.      Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the defendant that upon conviction of offenses in violation of 18 U.S.C. § 1956(h) and 1957 as alleged in Counts Four - Twelve, the United States will seek forfeiture as part of any sentence of all property, real and personal, which constitutes and is derived from proceeds that the defendant obtained directly and indirectly from the offenses, including but not limited to $4,070,479.

2.      If any of the property described above, as a result of any act or omission of the defendant:

a.      cannot be located upon the exercise of due diligence;

b.      has been transferred or sold to, or deposited with, a third party;

c.      has been placed beyond the jurisdiction of the court;

d.      has been substantially diminished in value; or

e.      has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property.


18 U.S.C. § 982; 21 U.S.C. §853(p)

_Robert K Hur/gyx m ⌐_
ROBERT K. HUR
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

Foreperson

_10/11/2018_
Date