IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| v. | * | Criminal Action No. RDB-17-0655 |
| LAUREN MONTILLO, | * | |
| DEFENDANT. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM ORDER

Defendant Lauren Montillo ("Defendant" or "Montillo") is currently serving a 96-month term of imprisonment for one count of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, and one count of tax evasion, in violation of 26 U.S.C. § 7201. (Plea Agreement, ECF No. 79; Judgment & Commitment Order ("J&C"), ECF No. 102.) Montillo is currently serving her sentence at the women's Federal Prison Camp in Alderson, West Virginia with a presumptive release date of April 23, 2026. Now pending is Montillo's *pro se*[1] Motion to Release to Home Confinement Due to COVID-19, petitioning this Court to issue an order allowing her to serve the remainder of her sentence on home confinement. (ECF No. 139.) The Government opposes the motion. (ECF No. 140.) The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons stated herein, Montillo's Motion to Release to Home Confinement Due to COVID-19 (ECF No. 139) is DENIED.

---

[1] This Court is mindful of its obligation to liberally construe the pleadings of pro se litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Montillo argues that she is eligible for home detention pursuant to the Coronavirus Aid, Relief, and Economic Security ("CARES") Act, Pub. L. No. 116-136 (2020). Section 3642(c) of Title 18 of the United States Code is the only statute that authorizes transfer of an inmate from prison to home confinement, providing "[t]he authority under this subsection may be used to place a prisoner in home confinement for the shorter of ten percent of the term of imprisonment of that prisoner or six months." 18 U.S.C. § 3642. While § 12003(b)(2) of the CARES Act states that, during the COVID-19 emergency, "the director of the Bureau [of Prisons] may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement," it is inherently the authority of the Bureau of Prisons to transfer an inmate to home confinement under 18 U.S.C. § 3624(c). *See United States v. Irby*, Crim. No. ELH-14-0511, 2020 WL 7230586, at *9 (D. Md. Dec. 8, 2020); *United States v. Johnson*, Crim. No. JKB-14-0356, 2020 WL 1929459, at *2 (D. Md. Apr. 21, 2020). Consequently, this Court lacks the authority to grant Montillo's requested relief. This Court recognizes the danger posed by the COVID-19 Pandemic; however, the Court is limited by the existing statutory authority in the relief it may grant.

Accordingly, it is HEREBY ORDERED this 14th day of December, 2020, that Defendant's Motion to Release to Home Confinement Due to COVID-19 (ECF No. 139) is DENIED. As the Government acknowledges, this denial does not preclude Montillo from filing a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).

*[signature]*

Richard D. Bennett
United States District Judge

2