IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal Action No. RDB-17-655 |
| LAUREN MONTILLO, | * | |
| *Defendant.* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

Before this Court is the Defendant Lauren Montillo's *pro se* Motion to Reduce Sentence Pursuant to Amendment 821 (ECF No. 178), which was filed on February 5, 2024.[1]  For the following reasons, her motion (ECF No. 178) is DENIED.

## BACKGROUND

On November 29, 2018, Montillo pled guilty to conspiracy to commit wire fraud (Count 1) and tax evasion (Count 14).  (ECF No. 79.)  Montillo's Sentencing Guideline range was 108 months to 135 months of imprisonment, based on an offense level of 31 and a criminal history category of I.  (ECF No. 88.)  On April 6, 2019, this Court sentenced Montillo to 96 months' imprisonment as to Count 1, and 60 months' as to Count 14, to run concurrently, for a total term of 96 months.  (ECF No. 102.)  Montillo was released from federal custody on June 3, 2025.  *See Find an Inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/# (search by register number 63655-037).  Prior to her

---

[1] Also pending is Defendant's Motion to Seal (ECF No. 172), which is GRANTED by this Memorandum Order.

1

release, Montillo filed a *pro se* Motion to Reduce Sentence Pursuant to Amendment 821 (ECF No 178).

## ANALYSIS

Through her *pro se* filing,[2] Defendant Lauren Montillo moves for a reduction of her sentence. (ECF No. 178.) Ordinarily, a federal court may not "modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). This "rule of finality," however, is subject to a few narrow exceptions," *Freeman v. United States*, 564 U.S. 522, 526 (2011), such as 18 U.S.C. § 3582(c)(2), which permits a court to lower the sentence of a defendant who was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," if a reduction is consistent with the sentencing factors in 18 U.S.C. § 3553(a) and the Sentencing Guidelines.

Under § 3582(c)(2), a defendant may be eligible for relief if an amendment to the Sentencing Guidelines has been made retroactively applicable. *Dillon v. United States*, 560 U.S. 817, 826 (2010). One such retroactive amendment is Amendment 821 to the Sentencing Guidelines. Amendment 821 is a multi-part amendment. As relevant here, Part B to Amendment 821 provides a mechanism for certain zero-point offenders—i.e., criminal defendants with no criminal history points—to obtain a two-level reduction of their offense level. U.S.S.G. § 4C1.1. However, to be eligible for this reduction, zero-point offenders must meet each of the criteria enumerated in the amendment, *id.* § 4C1.1(a)(1)–(a)(10), including "the defendant did not personally cause substantial financial hardship." *Id.* § 4C1.1(a)(6).

---

[2] Defendant has filed her submission *pro se*. Such filings will be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

Here, while Montillo was a "zero-point offender," (ECF No. 88), the criteria set forth in U.S.S.G. § 4C1.1(a)(6) expressly precludes her from receiving a sentence reduction, as she pled guilty to an extensive advance fee fraud scheme that lasted five years wherein victims paid millions in advance fees and received nothing in return.[3]  As such, her *pro se* Motion to Reduce Sentence Pursuant to Amendment 821 (ECF No. 178) is DENIED.

## CONCLUSION

For the foregoing reasons, Defendant Lauren Montillo's Motion to Seal (ECF No. 172) is GRANTED; and Montillo's *pro se* Motion to Reduce Sentence Pursuant to Amendment 821 (ECF No. 178) is DENIED.  It is SO ORDERED this 10th day of July, 2025.

/s/
Richard D. Bennett
United States Senior District Judge

---

[3] Even if Montillo was eligible for the two-level reduction, which would bring her offense level to a 29, with her criminal history category remaining at I, her Sentencing Guideline range would be 87 months to 108 months imprisonment.  In other words, Montillo received a sentence—96 months' imprisonment—that was within the range prescribed by the Sentencing Guidelines.